Catherine L. Brabson (#6500)
Allison Parks (#16219)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, UT 84114-5478
Telephone:  (801) 535-7788
Facsimile:  (801) 535-7640
Catherine.Brabson@slcgov.com
Allison.Parks@slcgov.com

*Attorneys for Defendants Salt Lake City, Ralph Becker, Margaret Plane, Padma Veeru-Collings, Steve Newton, Scott Fisher, and Paige Williamson*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TRENTON DALE MELLEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY, a municipal corporation; RALPH BECKER, former Mayor of Salt Lake City; MARGARET PLANE, Salt Lake City Attorney; PADMA VEERU-COLLINGS, former Salt Lake Chief City Prosecutor; STEVE NEWTON, SCOTT FISHER, and PAIGE WILLIAMSON, current and former Salt Lake City Associate City Prosecutors; and JOHN DOE I-XX, Salt Lake City Employees,<br><br>Defendants. | **MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:17-cv-00493-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

**TABLE OF CONTENTS**

STATEMENT OF RELIEF SOUGHT ........................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.       Rule 12(b)(6) Standard of Review ........................................................................... 3

    II.      Plaintiff Prosecutors Have Absolute Immunity Under State and Federal
    Law For the Exercise of Prosecutorial Functions ................................................. 5

    III.     Plaintiff Fails to Allege Personal Participation by Defendants Fisher or
    Williamson in Alleged Constitutional Violations .................................................. 9

    IV.     Plaintiff Cannot State Section 1983 Claims Against the City ............................. 10

    V.      Claims Against the Individual Defendants in their Official Capacities are
    Duplicative of Claims Against the City ............................................................... 11

    VI.     Plaintiff's State Law Claims are Expressly Barred by the Governmental
    Immunity Act ........................................................................................................ 12

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ....................................................... 4, 10

*Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) .......................................................... 9

*Black v. Clegg*, 938 P.2d 293, 296 (Utah 1997) ............................................................................. 5

*Blackmon v. Sutton*, 734 F.3d 1237, 1240-41 (10th Cir. 2013) ...................................................... 8

*Blake v. Rupe*, 651 P.2d 1096, 1101 (Wyo. 1982) .......................................................................... 5

*Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 213 (Minn. 1981) ............................................ 5

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ................................................................................ 9

*Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-CV-00362-CW-PMW, 2014 WL 4662466,
(D. Utah Sept. 18, 2014) ............................................................................................................... 11

*City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) .................................. 8

*Clema v. Colombe*, 676 Fed. Appx. 801, 805 n.3 (10th Cir. 2017) ................................................ 7

*Cline v. State Div. of Child & Family Servs.*, 2005 UT App 498 .................................................. 5

*Dettle v. Richfield City*, No. 2:13-CV-357-DAK, 2014 WL 4354424
(D. Utah Sept. 2, 2014) ........................................................................................................... 12, 13

*England v. Hendricks*, 880 F.2d 281, 285 (10th Cir. 1989) ........................................................... 5

*Fail v. West Valley City*, No. 2:04-CV-1094 PGC, 2006 WL 842910
(D. Utah Mar. 28, 2006) ................................................................................................................ 11

*Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ......................................................... 4

*Hartman*, 547 U.S. at 261-62 .......................................................................................................... 8

*Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) ..................................................... 11

*Hoyer v. State*, 2009 UT 38, 212 P.3d 547, 555 ............................................................... 14

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ................................................................. 5, 6, 7

*Jackson v. New Mexico Pub. Def.'s Office*, 361 F. App'x 958, 961-62 (10th Cir. 2010) ........... 6, 7

*Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) ................................................... 9, 10

*Jensen v Gale*, No. 1:13-CV-00030 DN, 2014 WL 7246948
(D. Utah Dec. 18, 2014) ................................................................................................ 12, 13

*Jensen v. West Jordan City*, No. 2:12-CV-736-DAK, 2016 WL 4256946
(D. Utah Aug. 11, 2016) .................................................................................................... 12

*Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ....................................................... 11

*Lerwill v. Joslin*, 712 F.2d 435, 437 (10th Cir. 1983) ....................................................... 6

*Los Angeles v. Heller*, 475 U.S. 796, 899 (1986) .......................................................... 11

*Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, n.55 (1978) ....................................... 11

*Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) ................................................ 4

*Nation v. State, Dep't of Correction*, 158 P.3d 953, 963 (Idaho 2007) ............................ 5

*Peak Alarm Co. v. Werner*, 2013 UT 8, 297 P.3d 592, 598 ............................................ 11

*Petersen v. Carbon Cty.*, No. 98-4010, 1998 WL 458555 (10th Cir. 1998) ..................... 7

*P.J. ex rel Jensen v. Utah*, No. 2:05-cv-00739-PGC, 2006 WL 1702585
(D. Utah June 16, 2006) ................................................................................................... 13

*Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002) ................................ 13

*Reichle v. Howards*, 566 U.S. 658, 667-68 (2012) ........................................................ 8

*Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) ..... 10

*Sherratt v. Shurtleff*, No. 200090770-CA, 2009 WL 4263525 (Nov. 27, 2009) ............... 14

*Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) ........................... 11

*Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) ............................................................ 9

*Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008) .......................................................................... 7

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) .................................................................. 11

*Wise v. Bravo*, 666 F.2d 1328 (10th Cir.1981) ................................................................................. 9

**Other**

42 U.S.C. § 1983 ................................................................................................................................ 1

DUCivR 7-1 ........................................................................................................................................ 1

Federal Rules of Civil Procedure 12(b)(6) ................................................................................ 1, 3, 4

Governmental Immunity Act of Utah § 63G-7-101 ............................................................. 1, 12, 14

Governmental Immunity Act of Utah § 63G-7-201 .................................................................. 12, 13

Defendants Salt Lake City Corporation, former Mayor of Salt Lake Ralph Becker, City Attorney Margaret Plane, former Salt Lake Chief City Prosecutor Padma Veeru-Collings, and current and former Salt Lake City Associate City Prosecutors Steve Newton, Scott Fisher, and Paige Williamson (collectively "Defendants"), by and through counsel of record, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and DUCivR 7-1, move to dismiss Plaintiff Trenton Mellen's Amended Complaint with prejudice.

## STATEMENT OF RELIEF SOUGHT

Plaintiff's claims arise from the City prosecutors' pursuit of criminal DUI charges against him following his failed field sobriety test. Plaintiff seeks relief under 42 U.S.C. § 1983 against Defendants for alleged violations of First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Additionally, Plaintiff seeks relief under state common law for malicious prosecution and intentional infliction of emotional distress.

Defendants move to dismiss Plaintiff's Amended Complaint with prejudice for the following reasons: (1) the City's prosecutors have absolute immunity under state and federal law for actions taken in the exercise of their prosecutorial functions; (2) Plaintiff's § 1983 claims against Fisher and Williamson fail to state a claim because Plaintiff does not assert they were personally involved in the alleged constitutional violations; (3) his official capacity claims against the City likewise fail because Plaintiff cannot show a constitutional violation; (4) Plaintiff's claims against Becker, Plane, Veeru-Collings, Newton, Fisher, and Williamson (collectively, the "Individual Defendants") in their official capacities should be dismissed as duplicative of his claims against the City; and (5) Plaintiff's state law claims are also barred by the Governmental Immunity Act of Utah § 63G-7-101 *et seq.*

1

## STATEMENT OF FACTS

The relevant facts, as alleged by Plaintiff, are as follows:

On July 29, 2013, Salt Lake City Police Officer Himle, believing Plaintiff to be impaired, pulled over Plaintiff's vehicle and performed a field sobriety test.[1] Plaintiff failed the field sobriety test and was arrested and charged with driving under the influence ("DUI"), having an expired driver's license, and failing to stop or yield.[2] At the time of the arrest, Plaintiff submitted to a blood draw, which later showed positive for trace amounts of the prescription medication Trazadone.[3] On November 7, 2013, Defendants dismissed the expired license charge and Plaintiff was arraigned and entered pleas of not guilty for driving under the influence and failing to stop or yield.[4]

On July 9, 2014, the Justice Court held a hearing on Plaintiff's motion to suppress evidence based on lack of probable cause, which was granted.[5] City Prosecutor Steve Newton immediately filed a notice of appeal of the ruling to the Third District Court.[6] Around this time, Plaintiff's counsel, mother, and uncle sent numerous letters to City Prosecutors and Mayor Becker explaining Plaintiff's brain injury, his use of Trazadone, and why taking this medication would not have impaired his driving.[7] On or about August 6, 2014, an article was published in the *City Weekly* newspaper that was critical of the Chief City Prosecutor, Padma Veeru-Collings,

---

[1] Am. Compl. ¶¶ 17, 55, 61, 62.
[2] *Id.* ¶¶ 17, 55, 61, 62.
[3] *Id.* ¶¶ 18, 22.
[4] *Id.* ¶ 20.
[5] *Id.* ¶¶ 25, 27.
[6] *Id.* ¶ 27.
[7] *Id.* ¶¶ 21, 23, 29.

2

and the handling of Plaintiff's criminal case.[8] Plaintiff participated in the article.[9] In clarifying the roles within the prosecutor's office, City Prosecutor Scott Fisher articulated a tactic of the office to seek approval of discretion for unique cases, which may include cases covered in the media.[10] On November 24, 2014, the Third District Court held an evidentiary hearing and found there was sufficient evidence to establish probable cause, and thereby denied Plaintiff's motion to suppress.[11] The case was remanded to Justice Court where it was set for trial.[12] On March 27, 2015, Plaintiff provided an expert medical report to the prosecutor's office stating that the medication Trazadone did not impact Plaintiff's driving.[13] On April 1, 2015, the Chief City Prosecutor Veeru-Collings directed Paige Williamson to file a motion to dismiss the remaining two charges without prejudice.[14] The order of dismissal was entered on April 8, 2015.[15]

## ARGUMENT

Plaintiff filed this action under § 1983 claiming malicious prosecution in violation of the First, Fourth, Eighth, and Fourteenth Amendments, and asserting claims for malicious prosecution and intentional infliction of emotional distress under state law.

### I. Rule 12(b)(6) Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted." When considering a motion to

---

[8]  *Id.* ¶¶ 26, 28.
[9]  *Id.* ¶ 91.
[10] *Id.* ¶¶ 6, 95.
[11] *Id.* ¶ 31.
[12] *Id.* ¶¶ 27, 31.
[13] *Id.* ¶ 33.
[14] *Id.* ¶¶ 34, 36, 38.
[15] *Id.*

3

dismiss, the Court views the complaint in a light most favorable to the plaintiff.[16] Nevertheless, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face."[17] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[18] Further, a complaint must allege "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and it must "raise a right to relief above the speculative level."[19]

In determining the adequacy of a complaint in the context of a motion under Rule 12(b)(6), the court should engage in a two-part process. First, the court should begin by identifying allegations that, because they "are no more than conclusions, are not entitled to the assumption of truth."[20] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[21] Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[22] Next, after excluding conclusory assertions, the court assumes the veracity of well-pleaded allegations and determines whether they plausibly give rise to an entitlement to relief.[23] Under this standard, Plaintiff's Amended Complaint fails to state a claim for relief under § 1983 and state law.

---

[16]  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).
[17]  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[18]  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[19]  *Twombly*, 550 U.S. at 555.
[20]  *Iqbal*, 556 U.S. at 679.
[21]  *Id.*
[22]  *Id.* at 678.
[23]  *Id*.

4

## II. Prosecutors Have Absolute Immunity Under State and Federal Law For the Exercise of Prosecutorial Functions.

Plaintiff asserts claims under § 1983 for malicious prosecution in violation of his Fourth Amendment rights, retaliatory prosecution infringing on his First Amendment rights, and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Plaintiff also asserts claims under state common law for malicious prosecution and intentional infliction of emotional distress. Because all of these claims arise solely from the actions of Veeru-Collings, Newton, Fisher, and Williamson (collectively, the "City Prosecutors") in filing and/or continuing to pursue criminal DUI charges against Plaintiff, Plaintiff cannot state a claim under § 1983 or state common law.

It is well recognized that prosecutors have absolute immunity under common law precluding civil claims arising from the exercise of their prosecutorial duties.[24] It is equally well recognized that prosecutors have absolute immunity precluding federal claims under §1983.[25] In the 1976 case of *Imbler v. Pachtman*, the Supreme Court reasoned that absolute immunity should

---

[24] *See Black v. Clegg*, 938 P.2d 293, 296 (Utah 1997) (bar counsel entitled to absolute immunity from suit for actions in disciplinary proceeding); *Cline v. State Div. of Child & Family Servs.*, 2005 UT App 498, ¶ 40, 142 P.3d 127, 139 (recognizing that "one of the special roles that traditionally has been protected by absolute immunity is that of a prosecutor actually engaged in the judicial process"); *Blake v. Rupe*, 651 P.2d 1096, 1101 (Wyo. 1982) (citing RESTATEMENT (SECOND) OF TORTS § 656) ("A public prosecutor acting in his official capacity is absolutely privileged to initiate, institute, or continue criminal proceedings."); *Nation v. State, Dep't of Correction*, 158 P.3d 953, 963 (Idaho 2007) (recognizing the doctrine of absolute immunity as applied to prosecutors); *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 213 (Minn. 1981) (stating when a prosecutor acts within the scope of his duties by filing and maintaining criminal charges, he is absolutely immune from civil liability, notwithstanding allegations of negligence, improper motive or lack of probable cause).

[25] *See Imbler v. Pachtman*, 424 U.S. 409, 425-26 (1976) (holding that prosecutors have the same absolute immunity under federal law that is enjoyed under common law for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial); *England v. Hendricks,* 880 F.2d 281, 285 (10th Cir. 1989) (same).

5

apply to § 1983 federal claims based on the same principle that prosecutors were given immunity at common law — because without it, resentful defendants would bring retaliatory lawsuits against their prosecutors, and because a prosecutor "inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials."[26]

Absolute immunity protects the conduct of prosecutors even in cases of intentional, bad faith, or malicious conduct.[27] When prosecutorial immunity applies, a plaintiff's claims are barred, even if it leaves the plaintiff "without civil redress against a prosecutor whose malicious or dishonest actions deprives him of liberty."[28] For example, absolute immunity extends to a prosecutor accused of pursuing a criminal prosecution where he knew or should have known the defendant was innocent.[29] Immunity also protects a prosecutor's actions in filing charges that are beyond his authority, even if a prosecutor intentionally cited the wrong statute or even maliciously did so (rather than by negligence or mistake) in order to harm the defendant.[30] Similarly, prosecutors were held to have absolute immunity from civil suit where they filed drug charges against a defendant twice and authorized destruction of the evidence after the charges

---

[26]  *Imbler*, 424 U.S. at 428.
[27]  *Id.* at 427.
[28]  *Id.* at 430-31.
[29]  *See Jackson v. New Mexico Pub. Def.'s Office*, 361 F. App'x 958, 961-62 (10th Cir. 2010) (unpublished) (affirming dismissal of a complaint as frivolous because "prosecutors are immune from suit for actions in their prosecutorial function").
[30]  *See Lerwill v. Joslin*, 712 F.2d 435, 437 (10th Cir. 1983).

6

were initially dismissed.[31] The Tenth Circuit noted that the actions of the prosecutors fell within the ambit of absolute immunity since they were the traditional functions of an advocate.[32]

All of Plaintiff's § 1983 claims and state common law claims against the City Prosecutors are barred by the doctrine of absolute immunity. Certainly Plaintiff's Fourth Amendment and state law malicious prosecution and emotional distress claims are based on the conduct of City Prosecutors in initiating and continuing the prosecution of criminal DUI charges against Plaintiff. Thus, assuming the City Prosecutors knew or should have known Plaintiff was not an impaired driver, the alleged conduct is well within traditional prosecutorial functions and the ambit of absolute immunity, even if such actions were malicious or dishonest as Plaintiff asserts.[33] Therefore, Plaintiff's Fourth Amendment §1983 and state common law claims against the City Prosecutors should be dismissed with prejudice.[34]

Absolute immunity likewise extends to Plaintiff's claim that he was criminally prosecuted in retaliation for the exercise of his First Amendment rights in connection with his participation in the *City Weekly* article. As the Supreme Court has repeatedly explained, a prosecutor who made the decision to pursue charges cannot be a defendant in a such a case

---

[31] *See Petersen v. Carbon Cty.*, No. 98-4010, 1998 WL 458555, *1-3 (10th Cir. 1998) (unpublished).
[32] *See id.*
[33] *See Imbler,* 424 U.S. at 431; *Jackson*, 361 F. App'x at 961-62.
[34] Plaintiff's Fourth Amendment malicious prosecution claims also fail because probable cause existed to arrest and prosecute Plaintiff. "To establish a claim for malicious prosecution, a plaintiff must demonstrate that 'no probable cause supported the original arrest, continued confinement, or prosecution.'" *Clema v. Colombe,* 676 Fed. Appx. 801, 805 n.3 (10th Cir. 2017) (unpublished) (*citing Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)). Plaintiff simply glosses over the state court's finding of probable cause to arrest and charge Plaintiff for impaired driving entered by the Third District Court of the State of Utah. *See* Am. Compl. ¶¶ 25, 27, 31.

because prosecutors enjoy absolute immunity for their decisions to prosecute.[35] Accordingly, Plaintiff's retaliatory prosecution claims fails as a matter of law.

Further, Plaintiff's claim that he was subjected to "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments fail. The Eighth and Fourteenth Amendments do not apply to Plaintiff's circumstance. The Eighth Amendment addresses conditions of confinement standards for prisoners incarcerated *after* conviction.[36] The same standards are applied to the conditions of pre-trial detention under the Due Process Clause of the Fourteenth Amendment.[37] Nowhere in his Amended Complaint does Plaintiff allege claims arising from conditions of his brief pre-trial detention and Plaintiff was never convicted. Instead, Plaintiff attempts to recast his malicious prosecution claim as a violation of the prohibition on "cruel and unusual punishment" because he was prosecuted solely for his disability and without probable cause.[38] However, because prosecution based on disability without probable cause is not related to pretrial detention or confinement standards after conviction, Plaintiff cannot state claims for violations of the Eighth or Fourteenth Amendments. Unequivocally, any claim arising from his alleged prosecution without probable cause is barred by absolute immunity, regardless of the legal theory asserted.

---

[35] *See, e.g., Hartman*, 547 U.S. at 261-62 (noting that an action for retaliatory prosecution does not lie against prosecutors, who are "absolutely immune from liability for the decision to prosecute"); *Reichle v. Howards*, 566 U.S. 658, 667-68 (2012).

[36] *See City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) (stating: "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law").

[37] *See id; Blackmon v. Sutton*, 734 F.3d 1237, 1240-41 (10th Cir. 2013) (affirming that "after the Fourth Amendment leaves off and before the Eighth Amendment picks up, the Fourteenth Amendment's due process guarantee offers detainees some protection while they remain in the government's custody awaiting trial").

[38] *See* Am. Compl. ¶ 115.

Additionally, Defendant Veeru-Collings, as well as the other prosecutor Defendants, have absolute immunity for their role as a supervisor of the other prosecutors. Absolute immunity extends beyond the individual prosecutor responsible for the case.[39] Prosecutors involved in supervision or training of prosecutors are entitled to absolute immunity for actions related to an individual trial.[40] Here, Plaintiff alleges only that Veeru-Collings was involved with the decision to continue the prosecution of Plaintiff and take the case to trial.[41] This conduct is protected by absolute immunity, and as such, should be dismissed.[42]

Because the City Prosecutors have absolute immunity under state and federal law, all of Plaintiff's claims against the City Prosecutors should be dismissed as a matter of law.

### III.  Plaintiff Fails to Allege Personal Participation by Defendants Fisher or Williamson in Alleged Constitutional Violations.

Plaintiff's Second, Third, and Fifth causes of action allege that the City Prosecutors violated Plaintiff's civil rights through initiating and continuing Plaintiff's prosecution for DUI. However, Plaintiff fails to state a claim against Fisher and Williamson because there are no specific allegations showing either of them had personal involvement. To prevail on a claim against employees individually, Plaintiff "must show the defendant[s] personally participated in the alleged violation."[43] In demonstrating that defendants personally participated in the alleged violation, "conclusory allegations are not sufficient to state a constitutional violation."[44]

---

[39]  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).
[40]  *See Van de Kamp*, 555 U.S. at 343-44.
[41]  *See* Am. Compl. ¶¶ 19, 24, 35, 36, 66, 68.
[42]  *See Van de Kamp*, 555 U.S. at 343-44; *Buckley*, 509 U.S. 259.
[43]  *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976)).
[44]  *Jenkins*, 81 F.3d at 994 (citing *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981)).

Conclusory allegations involving "defendants" collectively without reference to the specific identity of the actor are not sufficient.[45]

With respect to Defendants Fisher and Williamson, the complaint does not contain enough facts to make the individual capacity claims "plausible on [their] face."[46] While Plaintiff asserts allegations against "Defendants" collectively, there are no specific or relevant allegations concerning the personal conduct of Fisher or Williamson that rise to the level of a constitutional violation. Williamson is only named in the caption as one of the parties, and allegedly drafted or filed the Motion to Dismiss Plaintiff's prosecution.[47] Similarly, Fisher is named in the caption, and articulated an alleged City Prosecutor strategy for handling cases.[48] Beyond articulating an alleged strategy, Plaintiff fails to assert whether Fisher was involved in Plaintiff's prosecution or the creation of the alleged strategy. Rather, it appears Plaintiff has named Fisher as an Individual Defendant simply for acting as a messenger. The allegations against Williamson and Fisher do not state constitutional violations and these claims should be dismissed as a matter of law.

**IV.   Plaintiff Cannot State Section 1983 Claims Against the City.**

As demonstrated herein, Plaintiff cannot state a claim for violations of any constitutional rights under the First, Fourth, Eighth or Fourteenth Amendments. Therefore, his official capacity claims against the City likewise fail. To prevail in a § 1983 claim against a municipality, a

---

[45] *Jenkins*, 81 F.3d at 994; *see also*, *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).
[46] *See Twombly*, 550 U.S. at 570.
[47] Of the 130 paragraphs of the Amended Complaint, Williamson is only named twice. *See* Am. Compl. ¶¶ 36, 44.
[48] Fisher is named four times in the Amended Complaint. *See* Am. Compl. ¶¶ 4, 6, 44, 95. Paragraphs 6 and 95 are duplicative references to Fisher.

plaintiff must prove that a municipal employee violated the constitution.[49] When a plaintiff fails to state a constitutional violation, as here, the official capacity claims against the municipality should be dismissed as a matter of law.[50]

## V.   Claims Against the Individual Defendants in their Official Capacities are Duplicative of Claims Against the City.

Plaintiff's claims against the Individual Defendants in their official capacity should be dismissed because they are duplicative of Plaintiff's claims asserted against the City. Generally, "[a] suit against a city official in [their] official capacity is no different from a suit against the City itself."[51] "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"[52] "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[53] Because the official capacity claims against the Individual Defendants simply represent another way of pleading Plaintiff's claims against Salt Lake City, the official capacity claims against Becker, Plane, Veeru-Collings, Newton, Fisher, and Williamson are duplicative and should be dismissed.[54]

---

[49]   *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (citations omitted).
[50]   *See Los Angeles v. Heller,* 475 U.S. 796, 899 (1986).
[51]   This is true for both state and federal claims. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); *Peak Alarm Co. v. Werner,* 2013 UT 8, ¶ 26, 297 P.3d 592, 598 (treating state law claim against the government entity and employee acting in their official capacity as the same).
[52]   *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, n.55 (1978)).
[53]   *Id.* 473 U.S. at 166.
[54]   *See, e.g., Fail v. West Valley City*, No. 2:04-CV-1094 PGC, 2006 WL 842910, at *5 (D. Utah Mar. 28, 2006) (unpublished) ("When the municipality is sued along with the municipal officer in his official capacity, the suit against the officer is redundant, improper, and unnecessary and should be dismissed.") (quotation omitted); *Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-CV-00362-CW-PMW, 2014 WL 4662466, at *9 (D. Utah Sept. 18, 2014) (unreported) (dismissing official capacity claim with prejudice when government entity was also named as real party in interest).

## VI. Plaintiff's State Law Claims are Expressly Barred by the Governmental Immunity Act.

In addition to the numerous grounds outlined above, Plaintiff's state common law claims for malicious prosecution and intentional infliction of emotional distress are also barred by the Governmental Immunity Act of Utah ("GIA").[55] The GIA "provides a general grant of immunity to governmental entities and their employees with specific waivers of immunity that are subject to exceptions."[56] The immunity analysis under the GIA requires a court to determine: "(1) whether the activity is a governmental function for which blanket immunity has been granted in [the GIA]; (2) whether blanket immunity is waived in another section of the [GIA]; and (3) if immunity has not been waived, whether there is an exception to the waiver that preserves immunity."[57] In evaluating the second question as to whether immunity has been waived, "a court should take note that 'there are no provisions in the [GIA] waiving immunity for intentional tort causes of action.'"[58]

Under the GIA, "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function" unless the GIA waives immunity for the specific cause of action.[59] While certain sections of the

---

[55] Plaintiff's state law claim for malicious prosecution is the first cause of action. *See* Am. Compl. ¶¶ 50-75. Plaintiff's state law claim for intentional infliction of emotional distress is the fourth cause of action. *See id.* ¶¶ 103-113.
[56] *Jensen v. West Jordan City,* No. 2:12-CV-736-DAK, 2016 WL 4256946, at *11 (D. Utah Aug. 11, 2016) (unpublished).
[57] *Dettle v. Richfield City*, No. 2:13-CV-357-DAK, 2014 WL 4354424, at *9 (D. Utah Sept. 2, 2014) (unpublished).
[58] *Jensen*, 2016 WL 4256946, at *11 (quoting *Dettle*, 2014 WL 4354424, at *9); *see also Jensen v Gale*, No. 1:13-CV-00030 DN, 2014 WL 7246948, at *13 (D. Utah Dec. 18, 2014) (unpublished).
[59] UTAH CODE ANN. § 63G-7-201.

12

GIA provide when immunity is waived,[60] § 63G-7-201(4) provides a list of exceptions for which a government entity does not waive immunity. Under this section, government entities and employees retain immunity "if the injury arises out of or in connection with, or results from" "infliction of mental anguish,"[61] "malicious prosecution," "the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause," and "the exercise or performance, or the failure to exercise or perform, a discretionary function, whether or not the discretion is abused."[62]

In this case, Plaintiff claims Defendants caused injury by initiating and continuing his criminal prosecution. As intentional torts, malicious prosecution and intentional infliction of emotional distress claims do not fall within any waiver of the GIA because "there are no provisions in the [GIA] waiving immunity for intentional torts."[63] Furthermore, the *express* provisions of the GIA bar Plaintiff's claims to the extent they allegedly arise from negligence.

As noted above, Defendants retain immunity for Plaintiff's alleged injuries arising out of, or in connection with, or results from: infliction of mental anguish; malicious prosecution; the institution or prosecution of Plaintiff; and Defendants' exercise or performance, or the failure to exercise or perform, discretionary functions to prosecute or dismiss the case, even if such

---

[60] *See id.*

[61] Although not clear from the plain language of the statute, courts have interpreted the "infliction of mental anguish" to cover both negligent and intentional infliction of mental anguish. *See Jensen v. Gale*, 2014 WL 7246948, at *14.

[62] *See* UTAH CODE ANN. § 63G-7-201(4).

[63] *Dettle*, 2014 WL 4354424, at *9; *see also P.J. ex rel Jensen v. Utah*, No. 2:05-cv-00739-PGC, 2006 WL 1702585, *3 (D. Utah June 16, 2006) (unpublished) (dismissing intentional infliction of emotional distress claim and wrongful initiation of process under the GIA because both are intentional torts); *Prince v. Bear River Mut. Ins. Co.,* 56 P.3d 524, 535 (Utah 2002) (intentional infliction of emotional distress).

discretion is abused. "Looking to the language of the statute, it is apparent that the legislature has manifested a clear intent to retain immunity for actions carried out in connection with criminal prosecutions."[64] Therefore, Plaintiff's state law claims are barred by the GIA.[65]

## CONCLUSION

Plaintiff's Amended Complaint fails to state a claim for relief under 42 U.S.C. § 1983 and state law. Plaintiff's Amended Complaint should be dismissed because the prosecutors have absolute immunity; Plaintiff's § 1983 claims against Individual Defendants fail where Plaintiff does not assert they were personally involved in the alleged violations; Plaintiff cannot state official capacity claims against the City; the claims against the Individual Defendants in their official capacities are duplicative of Plaintiff's claims against the City; and Plaintiff's state law claims against the City are barred by the Governmental Immunity Act of Utah. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

DATED this 27th day of October, 2017.

                                        /s/ Allison Parks
                                        CATHERINE L. BRABSON
                                        ALLISON PARKS
                                        *Attorneys for Defendants Salt Lake City, Ralph Becker, Margaret Plane, Padma Veeru-Collings, Steve Newton, Scott Fisher, and Paige Williamson*

---

[64] *Hoyer v. State*, 2009 UT 38, ¶ 32, 212 P.3d 547, 555.
[65] *See, e.g., Sherratt v. Shurtleff*, No. 200090770-CA, 2009 WL 4263525, *1 (Nov. 27, 2009) (unpublished) (Dismissing plaintiff's claims that the attorney general abused his prosecutorial discretion finding the GIA precluded claims based on the exercise of a discretionary function, malicious prosecution, and for the institution of any judicial proceeding, even if malicious or without probable cause).

14

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of October, 2017, a true and correct copy of the **MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT** was electronically filed with the Clerk of the Court, which sent notice to:

Angela H. Elmore
Utah Legal Clinic
214 East Fifth South Street
Salt Lake City, UT 84111
angela@utahlegalclinic.com

                                              /s/  Lindsay Ross

HB #64715