IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRENTON DALE MELLEN,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY, et al.,<br><br>Defendant, | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17CV00493DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendants' Motion for Rule 11 Sanctions. The motion is fully briefed, and the court concludes that a hearing on the motion would not aid in the court's decision of the motion.

      Defendants seek sanctions against Plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure on the grounds that all of the claims asserted in the Amended Complaint are devoid of merit and frivolous. Under Rule 11, the signer of a pleading certifies that she has "conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the pleading is well grounded in fact and law." *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992). "A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).

While the court granted Defendants' Motion to Dismiss, Plaintiff's counsel asserted that Plaintiff's claims should fall within an exception to the general rule of absolute immunity or that the court should consider whether a new exception should be created for situations such as Plaintiffs. The court disagrees that Plaintiff's claims fell within an exception to the absolute immunity doctrine and that the court should create a new exception. However, the court does not believe that it was objectively frivolous to seek the court's ruling on the issue. In addition, the court believes there was a tenuous factual basis for asserting that a municipal policy may have been at issue, even if the court disagrees with whether such a factual claim could state a claim under § 1983. Plaintiff's claims are not of the type requiring sanctions under Rule 11.

Furthermore, the court routinely deals with cases of whether municipalities and/or their officials should be named in certain capacities as defendants. Duplicative claims against these types of entities in 42 U.S.C. § 1983 cases is commonplace and not the basis for Rule 11 sanctions.

Accordingly, Defendants' Motion for Rule 11 Sanctions is DENIED.

DATED this 1st day of March, 2018.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge